IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

1 STARR DALTON,

      Plaintiff,

v.                            Case No. 2:08-cv-00335

W. VA. DIVISION OF CORRECTIONS,
DAVID BALLARD, Warden,
JIM RUBENSTEIN,
CPT. JASON COLLINS,
LT. MARGARET CLIFFORD,
LT. JAMES McCLOUD,
SGT. BRIAN MATTOX,
SGT. CURTIS DIXON,
CPS. CLINT RYAN,
CPL. NATE KENDRICK,
MICHAEL ANGEL,
GARRATTE ADAMS, and
BRIAN GREENWOOD,

      Defendants.

PROPOSED FINDINGS AND RECOMMENDATION

    On May 22, 2008, Plaintiff filed a Complaint under 42 U.S.C. § 1983 alleging that, on March 5, 2008, he was physically assaulted by some of the defendants, while he was in handcuffs and leg irons. Plaintiff alleged that the attack was racially motivated. Plaintiff's Complaint further contended that he was denied medical treatment following the attack. Plaintiff's Complaint seeks injunctive relief in the form of a transfer from the Mount Olive Correctional Complex ("MOCC"), and monetary damages. (Docket # 2).

## Procedural History

Plaintiff applied to proceed without prepayment of fees and costs (# 1), which was granted, without imposition of an initial partial filing fee (# 6).

On May 23, 2008, Plaintiff filed a Motion for a Preliminary Injunction (# 5), in which he contended that, on May 5, 2008, he suffered an additional assault by correctional officers at MOCC, after they learned that he had prepared the instant complaint. Plaintiff again requested that he be transferred to another correctional facility.  Upon recommendation of the undersigned (# 25), the motion was denied (# 40).  Plaintiff took an interlocutory appeal, which was unsuccessful.  <u>Dalton v. West Virginia Div. of Corrections</u>, No. 08-8188 (4th Cir. Mar. 5, 2009).

Defendants filed a motion to dismiss for failure to exhaust administrative remedies as required by the Prisoner Litigation Reform Act ("PLRA") (# 9).  The undersigned interpreted the applicable West Virginia Code provision, W. Va. Code § 25-1A-2(c), as excluding allegations of physical abuse from the exhaustion requirement (# 24), and Defendants withdrew their motion to dismiss (# 29), and filed an answer (# 30).  Subsequently, Judge Copenhaver published an opinion in which he held that the PLRA's requirement, 42 U.S.C. § 1997e(a), that prisoners exhaust "such administrative remedies as are available," did not permit such an exclusion. <u>Short v. Greene</u>, 577 F. Supp.2d 790, 793 (S.D. W. Va. 2008).  The

2

undersigned notified Defendants of <u>Short v. Greene</u>, and gave them an opportunity to re-file their motion to dismiss (# 60).

On November 3, 2008, Defendants re-filed their motion to dismiss (# 71), supported by exhibits and a memorandum (# 72). Plaintiff filed an "Objection" (# 74), and a motion to strike Defendants' motion (# 80), which will be considered together as Plaintiff's response to the motion.

### Analysis

Section 1997e(a) of the PLRA states that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Prison conditions" means " . . . conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings." 18 U.S.C. § 3626(g)(2). A "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

In <u>Booth v. Churner</u>, 532 U.S. 731 (2001), the Supreme Court of the United States held that exhaustion of administrative remedies

is mandatory, regardless of the type of relief sought or offered through the administrative procedures. <u>Id.</u> at 741. In <u>Booth</u>, the Court required exhaustion even where the grievance process does not permit the award of money damages, and the prisoner seeks only money damages, as long as the grievance tribunal has authority to take some responsive action. <u>Id.</u>

In <u>Porter v. Nussle</u>, 534 U.S. 516, 531 (2002), the Court held "that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or other some wrong." Not only must a prisoner exhaust his administrative remedies, but he must also do so properly. Proper exhaustion "'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits.'" <u>Woodford v. Ngo</u>, 548 U.S. 81, 126 S. Ct. 2378, 2385 (2006) (quoting <u>Pozo v. McCaughtry</u>, 286 F.3d 1022, 1024 (7th Cir. 2002). [Emphasis in the original.]) That is, a prisoner must complete the administrative process in accordance with the applicable procedural rules of the process, including the deadlines.

The Court ruled in <u>Jones v. Bock</u>, 127 S. Ct. 910, 921 (2007), that an inmate's failure to exhaust remedies under the PLRA is an affirmative defense; the inmate need not demonstrate in his complaint that he has exhausted applicable remedies. <u>Jones</u> also held that an inmate does not automatically fail to exhaust when the

4

inmate sues one or more defendants not named in the pertinent grievances.  Id., at 923.  If a complaint contains claims, some of which have been exhausted, and some of which have not been exhausted, the entire complaint is not dismissed; the court proceeds only on the exhausted claims.  Id., at 924-26.

The West Virginia Division of Corrections ("WVDOC") promulgated regulations establishing an Inmate Grievance Procedure, W. Va. C.S.R. § 90-9-3 et seq.  The promulgation of the Procedure was mandated by W. Va. Code § 25-1A-2(b), part of the West Virginia Prisoner Litigation Reform Act.  The Division of Corrections has also issued Policy Directive 335.00, "Inmate Grievance Procedures." (# 71, Exhibit 1, Attachment B.)  An inmate who wishes to seek redress over any matter concerning prison life, whether it involves general circumstances or particular episodes, must use the grievance procedure.  Id.  The first step is to file a grievance, utilizing a standard form, with the inmate's Unit Manager.  Id., at 4.  If the grievance is not resolved, the inmate may appeal to the Warden/Administrator.  Id., at 5.  If the grievance is not resolved at that level, the inmate may submit an appeal to the Commissioner of Corrections.  Id., at 6.  At each step of the procedure, the inmate receives a copy of the grievance and the response.  The Warden or Administrator must maintain a searchable record of all grievances.  Id., at 3.

Defendants submitted the Declaration of Cheryl A. Chandler, Executive Assistant at Mount Olive Correctional Complex, where

Plaintiff is incarcerated.  (# 71, Ex. 2, ¶ 3, at 1.)  She states that Plaintiff "has never filed a grievance with regard to the alleged events of March 5, 2008; however, he has filed a grievance with regard to the disciplinary action which was taken in response to the events of March 5, 2008, to all of which responses were properly and timely made."  Id., ¶ 10, at 3.  Defendants also submitted the Declaration of Charlene Sotak, who is the Division of Corrections' Inmate Grievance Coordinator.  (# 71, Ex. 1, ¶ 3, at 1.)  She states that appeals of grievances to the Commissioner are filed in the inmate's central office file.  Id., ¶ 10, at 1.)  She declares that the only pertinent document in Plaintiff's file is a letter dated May 5, 2008, concerning his appeal of the disciplinary case No. MOC-08-208-G.

Plaintiff's complaint concerns his allegations about what certain correctional officers did to him on March 5, 2008.  Prison officials concluded that the wrongdoer was Plaintiff, and accused him of assaulting Correctional Officer Nate Kendrick, causing injury.  A disciplinary action was instituted against Plaintiff, a hearing took place, and Plaintiff was disciplined.  Plaintiff appealed the disciplinary order.  He has not filed any grievance with prison authorities concerning his allegations about what the correctional officers did to him.

Neither Plaintiff's "Objection" nor his motion to strike denies that he failed to grieve what the correctional officers did to him, using the Inmate Grievance Procedure.  He argues that his

defense of the disciplinary proceeding and his subsequent appeal should be considered as a full exhaustion of his administrative remedies.

> [T]he plaintiff avers that if it can be said that an administrative remedy were available to him, he has exhausted that remedy before bringing this action into court.  After the defendants launched the unwarranted assault on the plaintiff, they brought a bogus assault charge against him to whitewash their unlawful acts. Because the charge was brought against plaintiff, an administrative hearing was held and under prison rules. All reports filed by the defendants was [sic] to be reviewed by the prison's Use of Force Committee.  Such committee was also required to investigate the incident in its entirety.  At the administrative hearing, the plaintiff made a bonafide good faith attempt to present all claims raised in this action and the evidence in support thereof, including the cross-examination of all of the defendants.  However the defendants prevented the plaintiff from giving any testimony at the hearing and made no statements on the record and would not all[ow] the plaintiff to cross-examine any of the defendants. The plaintiff appealed the decision of the administrative hearing officer to the warden and then to the Commissioner whereupon he argued that he should be given a fair hearing and that the defendants were trying to cover up the brutal assault on the plaintiff.

(# 74, at 3-4.)  He claims that the hearing and his appeals fulfilled all the purposes of exhaustion of remedies and the spirit of the Prisoner Litigation Reform Act.  Id., at 4.  Plaintiff complains that the disciplinary hearing was unfair.  Id. Defendants did not file a reply to Plaintiff's documents.

Plaintiff's argument that the process involved in the disciplinary proceeding should substitute for the Inmate Grievance Procedure is unpersuasive.  The purpose of the disciplinary proceeding was to determine whether Plaintiff assaulted CO Kendrick

and, if so, to punish him.  The purpose of requiring exhaustion of administrative remedies is to provide prison officials the opportunity to correct situations without the filing of civil actions in federal courts.  In Plaintiff's case, his filing of a grievance with his Unit Manager would have enabled prison authorities to determine whether correctional officers beat Plaintiff while he was chained, shackled and cuffed, used racial epithets, stomped on his testicles, pushed his face into a mop bucket filled with water, and then continued the beating.  It would also provide them an opportunity to investigate whether Plaintiff's sheets were soaked in blood, and whether Plaintiff was denied medical attention.   Plaintiff's failure to exhaust his administrative remedies is not excused by his attempt to defend himself at the disciplinary hearing; the PLRA's exhaustion requirement contains no such exception.

Because it is uncontroverted that Plaintiff made no attempt to exhaust his administrative remedies with respect to any of his allegations against Defendants, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff failed to comply with 42 U.S.C. § 1997e(a) and failed to exhaust such administrative remedies as were available to him.  It is respectfully **RECOMMENDED** that Defendants' motion to dismiss (# 71) be granted and Plaintiff's motion to strike (# 80) be denied.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to

the Honorable Joseph R. Goodwin, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing parties, Chief Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff and counsel of record.

May 14, 2009
_____
Date

_Mary E. Stanley_
Mary E. Stanley
United States Magistrate Judge

9